IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**ROKOSI HUMPHREY**　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**
**ADC #154914**

v.　　　　　　　　　No: 5:16-cv-00174 BSM-PSH

**NATHAN DAVID WHITE,** *et al.*　　　　　　　　　　　　　　**DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

### I. Introduction

Plaintiff Rokosi Humphrey commenced this case by filing a complaint pursuant to 42 U.S.C. § 1983 alleging that he was denied recreation time on several occasions while incarcerated at the Arkansas Department of Correction's (ADC) Tucker Unit (Doc. No. 2). The undersigned found that Humphrey had not stated a constitutional claim under the Eighth Amendment and recommended that Humphrey's claims be dismissed. *See* Doc.

No. 5. Chief Judge Brian Miller agreed that Humphrey failed to state a claim for relief but found that Humphrey's objections to the recommendation suggested a claim for retaliation. *See* Doc. No. 8. Humphrey was allowed to amend his complaint to add a retaliation claim. *Id.* Humphrey subsequently filed an amended complaint alleging certain instances of retaliation by certain defendants. Doc. No. 12. To the extent Humphrey's Eighth Amendment claims based on the denial of recreation time are not already deemed dismissed, the undersigned recommends those claims be dismissed for the same reasons stated in the prior recommendation (Doc. No. 5). Humphrey's amended complaint only concerns retaliation and adds nothing to his Eighth Amendment claims.

Defendants filed a Motion for Summary Judgment along with a supporting brief and statement of facts (Doc. Nos. 46-48). Humphrey filed a response (Doc. No. 51). Having reviewed and considered all the pleadings, and for the reasons stated herein, the Court recommends that Defendants' Motion for Summary Judgment be granted.

## II. Facts

Humphrey filed 23 grievances between August 27, 2015, and May 4, 2016, concerning missed recreation time and/or retaliation for the grievances he filed regarding missed recreation time. *See* Doc. No. 46-1. Four of those grievances specifically referenced retaliation: TU-16-00229 naming defendant Clifford Sims; TU-16-00365 naming defendants Audrey Wilkins and Jonathan Martin; TU-16-00383 naming defendants Brian Cockrell and Martin; and TU-16-00408 naming Wilkins. *Id.* at 17, 19-

21. Two indicate retaliation although not specifically using the word: TU-15-00735 naming Wilkins and TU-16-00225 naming Martin and defendant Jaevon Perry. The other 16 grievances concerned the failure to provide recreation time or defendant Nathan David White's failure to correct the lack of recreation time. *See id.* at 2-15, 18, 22.

Sims, Martin, and Wilkins submitted affidavits swearing that they were responsible for recreation at times, but that recreation was sometimes not provided due to shortage of staff and a lack of security. Doc. Nos. 46-2, 46-3 & 46-7. They all said that Humphrey was never singled out to miss recreation as all inmates in Humphrey's barracks did not receive recreation on the days in question. *Id.* White also submitted an affidavit explaining that he was warden at the Tucker Unit during the relevant time; that sometimes recreation had to be missed for security reasons; that all inmates were treated the same; and that Humphrey was never singled out to miss recreation. Doc. No. 46-8. White also stated that he took corrective action when missed recreation was brought to his attention and emphasized to staff the importance of pulling inmates for recreation call. *Id.* at 2.

Perry, Cockrell, and Hepler explained that they were not responsible for providing recreation, could not deny Humphrey recreation time, and never retaliated against Humphrey. Doc. Nos. 46-5 & 46-6. Defendant Hepler also noted that when inmates did not receive recreation, the other inmates did not receive it either. Doc. No. 46-4.

### III. Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## IV. Analysis

### A.     Exhaustion of Administrative Remedies

Defendants argue that Humphrey failed to exhaust his administrative remedies as to defendants Brian Cockrell, Nathan David White, and Woodrow Helper. In support of their claim that Humphrey failed to exhaust his administrative remedies, the defendants submitted copies of the appeal responses to 23 grievances (Doc. No. 46-1); the ADC's grievance policy (Doc. No. 46-13); and the declaration of Barbara Williams, the ADC's Grievance Coordinator (Doc. Nos. 46-14).

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id*. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*.

5

Pursuant to the ADC's grievance policy, an inmate must grieve a claim of retaliation. The grievance procedure provides the following:

> No inmate shall suffer any threat or action based on his or her appropriate use, or participation in, the grievance procedure. If an inmate believes he has been retaliated against for the use of the grievance procedure, he/she must contact the Warden/Center Supervisor or in a case of alleged retaliation by the Warden/Center Supervisor the inmate shall contact the appropriate Chief Deputy/Deputy/Assistant Director. ***Regardless, the inmate must exhaust their remedies through the grievance process.***

Doc. No. 46-13 at 25 (emphasis added).

The undersigned agrees that Humphrey did not exhaust his administrative remedies with respect to Hepler or White. Humphrey named White in two grievances but both concerned White's failure to correct the lack of recreation time and did not accuse White of retaliation against Humphrey. Doc. No. 46-1 at 6 & 22. Humphrey also did not accuse White of retaliation in his amended complaint but alleged that White did not properly address or handle his claims of retaliation.[1] *See* Doc. No. 12 at 2. Likewise, Humphrey did not name Hepler in his amended complaint and has not accused Hepler of retaliation in this case. Additionally, although Humphrey filed several grievances naming Hepler,[2] he did not file a grievance alleging that Hepler retaliated against him. *See* Doc. No. 46-1 at

---

[1] Because Humphrey was instructed to limit his claims to those concerning retaliation, the Court does not consider whether Humphrey states a corrective inaction claim against White. However, the Defendants submitted proof that White did in fact take corrective action regarding missed recreation time. *See* Doc. No. 46-8 & 46-12.

[2] Humphrey mentioned Helper in grievances complaining that he did not receive recreation time on October 12, 2015, November 6, 2015, and February 9, 2016, but did not allege that Hepler was responsible. Doc. No. 46-1 at 4-5 & 12.

6

4-7, 9 & 12. For these reasons, Humphrey's claims against White and Hepler should be dismissed without prejudice due to Humphrey's failure to exhaust administrative remedies.

Humphrey's retaliation claims against Cockrell, however, have been exhausted. Humphrey filed a grievance alleging retaliation that named Cockrell (although he spelled the name Cochrall). Doc. No. 46-1 at 20. Humphrey alleged that Cockrell did not allow him to go to the law library in retaliation for grievances Humphrey had filed. *Id*. Specifically, Humphrey stated, "Sgt. Cochrall [sic] is retaliating due to a grievance I filed on him about harrassment [sic] last month." *Id.* Although the grievance was found to be without merit, and there is no evidence Humphrey filed a grievance against Cockrell the month before, Humphrey did exhaust a grievance accusing Cockrell of retaliation. It is irrelevant that the action taken concerned the law library as opposed to recreation time. Accordingly, Humphrey's claim against Cockrell should not be dismissed based on his failure to exhaust administrative remedies.

Finally, the Court notes that Humphrey exhausted grievances complaining of retaliation that named Wilkins, Sims, Martin, and Perry. *See* Doc. No. 46-1 at 1, 16-17 & 19-21. Accordingly, the Court examines the merits of Humphrey's retaliation claims against Cockrell and those defendants.

### B. Retaliation

Humphrey alleges that defendants retaliated against him for his use of the grievance procedure. Specifically, he alleges that Wilkins threw away a grievance on August 27,

7

2015, after he had filed a grievance accusing her of denying him recreation time on August 6 and 10. Doc. No. 12 at 1. Humphrey alleges that Wilkins and Martin retaliated against him again on April 4, 2016, by denying him recreation time, and that Wilkins and Cockrell retaliated against him on April 8, 2016, by refusing to allow him to go to the law library. *Id.* Humphrey alleges that Sims retaliated against him on March 1, 2016, and May 4, 2016, by denying him recreation time. *Id.* at 1-2. Finally, Humphrey alleges that Martin and Perry retaliated against him on February 27, 2016, by destroying a grievance and threatening to lock him up. *Id.* at 2.

To succeed on a § 1983 retaliation claim, a plaintiff must prove that he engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action against the plaintiff that would chill a person of ordinary firmness from engaging in that activity. *See Lewis v. Jacks*, 486 F.3d 1025, 1028–29 (8th Cir. 2007) (citing *Revels v. Vincenz,* 382 F.3d 870, 876 (8th Cir. 2004)). *See also Doering Reed*, No. 6:15-CV-06093, 2016 WL 3148642, at *3 (W.D. Ark. Apr. 29, 2016), *report and recommendation adopted sub nom. Doering v. Reed*, No. 6:15-CV-6093, 2016 WL 3162137 (W.D. Ark. June 3, 2016) ("Speculative and conclusory, or *de minimis* allegations, however, cannot support a retaliation claim.").

In *Revels*, the Eighth Circuit Court of Appeals held that the plaintiff must prove a causal connection between the constitutionally protected activity and the adverse action. 382 F.3d at 876. The Court stated, "[t]he causal connection is generally a jury question,

8

but it can provide a basis for summary judgment when the 'question is so free from doubt as to justify taking it from the jury.'" *Id.* (quoting *Ricketts v. Columbia,* 36 F.3d 775, 779 (8th Cir. 1994)). Temporal proximity between a protected activity and an adverse action "is relevant but not dispositive." *Wilson v. Northcutt*, 441 F.3d 586, 592 (8th Cir. 2006) (citing *Kiel v. Select Artificials, Inc.,* 169 F.3d 1131, 1136 (8th Cir. 1999)); *see also Flowers v. City of Minneapolis, Minn.*, 558 F.3d 794, 800 (8th Cir. 2009) ("[E]vidence of temporal proximity alone is generally insufficient to raise a triable issue of material fact on retaliatory motive."). The plaintiff must also provide affirmative evidence of a retaliatory motive. *See Haynes v. Stephenson,* 588 F.3d 1152, 1157 (8th Cir. 2009); *see also Wilson*, 441 F.3d at 592 ("[Plaintiff's] belief that [defendant] acted from a retaliatory motive is insufficient.").

The defendants concede that Humphrey engaged in a protected activity when he filed grievances. Indeed, retaliation for the use of a prison grievance procedure is actionable. *See Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990) (per curiam) (otherwise proper acts are actionable under § 1983 if done in retaliation for grievances filed under established prison grievance procedure). However, defendants argue that Humphrey has not provided any causal connection between his writing grievances and the allegedly retaliatory actions taken by defendants. Defendants also argue that the denial of recreation time is a *de minimus* action that would not chill a person of ordinary fitness from continuing to submit grievances, and that Humphrey continued to grieve any missed recreation time.

9

Defendants also assert that Humphrey failed to produce any affirmative evidence of a retaliatory motive on the part of defendants. The Court examines Humphrey's retaliation claim against each defendant below.

### *Brian Cockrell*

Humphrey alleges that Cockrell retaliated against him one time, on April 8, 2016, by not allowing him to go to the law library. Doc. No. 12 at 1. In the grievance he wrote regarding the incident (TU-16-00383), Humphrey stated that he had submitted a grievance against Cockrell concerning harassment in the past month. Doc. No. 46-1 at 20. Grievance TU-16-00383 was found without merit due to Humphrey's failure to produce any evidence to substantiate his allegations. *Id.* Humphrey has not provided a copy of any prior grievances naming Cockrell or provided any evidence to support his claim that Cockrell denied him access to the law library in retaliation for past grievances. Accordingly, Cockrell is entitled to judgment as a matter of law, and Humphrey's claim against Cockrell should be dismissed with prejudice.

### *Jonathon Martin*

Humphrey alleges two incidents of retaliation against Martin. First, he claims that Martin and Perry destroyed a grievance on February 27, 2016, in retaliation for other grievances Humphrey submitted naming them. Doc. No. 12 at 2; Doc. No. 46-1 at 16. Second, he claims that Martin and Wilkins retaliated against him on April 4, 2016, by denying him recreation. Doc. No. 12 at 1; Doc. No. 46 at 19. Humphrey wrote grievances

10

naming Martin on February 8, 2016 (TU-16-00153); February 9, 2016 (TU-16-00154); February 18, 2016 (TU-16-00191); and February 23, 2016 (TU-16-00224). *See* Doc. No. 46-1 at 11-12 & 14-15. Although a security issue was noted in one instance, all of these grievances were found to be with merit and corrective action promised. *Id.* Martin states in his affidavit that he was responsible for recreation, but that on these dates recreation was not provided due to a lack of security and shortage of staff, and that all inmates in Humphrey's barracks did not receive recreation on those days. Doc. No. 46-3 at 2.

With respect to the first allegation of retaliation, Humphrey submitted grievance TU-16-00225 alleging that Martin and Perry destroyed an earlier grievance. Doc. No. 46-1 at 16. The earlier grievance was received a few days after Humphrey wrote it and processed as usual. *Id.* The appeal of TU-16-00225 was found to be without merit based on Humphrey's failure to provide any evidence to substantiate his allegations. *Id.*

With respect to the second allegation of retaliation, Humphrey submitted grievance TU-16-00365 on April 4, 2016, alleging that Martin and Wilkins denied him yard call. Doc. No. 46-1 at 19. The grievance and Humphrey's appeal were found without merit because Humphrey had been offered gym call due to a rotation schedule where yard call and gym call were offered to inmates on alternate days. *Id.*

The undersigned finds that while Humphrey had grieved Martin's refusal to provide recreation time on several prior occasions, there is no evidence to show that Martin intentionally delayed the grievance that was alleged to have been torn up in February 2016.

11

It was ultimately processed as usual. Further, Humphrey's allegation that Martin and Wilkins denied him yard call on April 4, 2016, in retaliation for his past grievances against them is unsupported by the evidence in the record. The grievance response and appeal response states that Humphrey was offered gym call instead of yard call on that day just like the other inmates in his barracks. Accordingly, Martin is entitled to judgment as a matter of law, and Humphrey's claim against Martin should be dismissed with prejudice.

### *Jeavon Perry*

Humphrey alleges that Perry (along with Martin) retaliated against him on February 27, 2016, by destroying a grievance he gave to Perry as the problem solver. Doc. No. 12 at 2; Doc. No. 46-1 at 16. The grievances in the record include one prior grievance regarding lack of recreation that named Perry (TU-16-00225) which was filed on November 6, 2015.[3] Doc. No. 46-1 at 6. However, that grievance was found to be without merit because Humphrey had refused yard call on that particular day. *Id.* Additionally, Perry submitted a declaration stating that he is not responsible for providing recreation and could not deny Humphrey recreation time. Doc. No. 46-6. Humphrey has not provided any evidence to the contrary or any evidence to show that Perry had any reason to retaliate against him (or that he in fact detained the grievance in question as discussed above).

---

[3] Humphrey mentioned Perry in another grievance complaining that he did not receive recreation time on November 17, 2015, but did not allege that Perry was responsible. Doc. No. 46-1 at 9.

12

Accordingly, Perry is entitled to judgment as a matter of law, and Humphrey's claim against Perry should be dismissed with prejudice.

### *Clifford Sims*

Humphrey alleges that Sims retaliated against him on March 1, 2016, and May 4, 2016, by denying Humphrey recreation time. Doc. No. 12 at 1-2; Doc. No. 46-1 at 17 & 23. Before Humphrey complained of retaliation on March 1, 2016, Humphrey submitted six grievances over a four-month period that accused Sims of denying him recreation time. *See* Doc. No. 46-1 at 3-4, 6, 8, 10-11 & 13. All but one were ultimately found to be with merit. *Id.* Sims states in his affidavit that he was responsible for recreation, but that on these dates, recreation was not provided due to a lack of security and shortage of staff, and that all inmates in Humphrey's barracks did not receive recreation on those days. Doc. No. 46-2 at 2.

Grievance TU-16-00220 which alleged retaliation by Sims was found to be without merit because recreation had been denied on March 1, 2016, due to two medical emergencies which caused two officers to make a hospital run. *Id.* at 17. Accordingly, there is no evidence that Sims denied recreation on that day in order to retaliate against Sims; rather, the evidence is that recreation was denied for another reason. Further, although Humphrey alleges retaliation by Sims on May 4, 2016, the grievance he filed on that date did not allege retaliation, but merely the failure to provide yard call to those

13

inmates that had not worked Hoe Squad that day.[4] *Id.* at 23. For these reasons, Sims is entitled to judgment as a matter of law, and Humphrey's claim against Sims should be dismissed with prejudice.

### *Audrey Wilkins*

In Humphrey's amended complaint, he accuses Wilkins of retaliation on three occasions: August 27, 2015; April 4, 2016; and April 8, 2016. Doc. No. 12 at 1-2. Humphrey also filed a grievance on April 13, 2016, accusing Wilkins of retaliation. Doc. No. 46-1 at 21.

Humphrey had grieved Wilkins' failure to provide recreation on several occasions during the Fall of 2015, and these grievances were ultimately found to be with merit. Doc. No. 46-1 at 1-2 & 9. Humphrey submitted grievance TU-15-00735 on August 27, 2015, alleging that he previously filed a grievance on August 10, 2015, complaining that Wilkins had denied him recreation time on August 6 and August 10. Doc. No. 46-1 at 1. Humphrey alleged that Wilkins threw away his August 10 grievance. *Id.* Humphrey's August 27 grievance was found without merit but his appeal was found to be with merit because there was no record of Humphrey's August 10 grievance. *Id.* However, the response to that grievance makes no finding that Wilkins intentionally tore up the grievance at issue or lost it, and indicates that the grievance officer received the grievance but was unable to read it. *Id.*

---

[4] The May 4, 2016 grievance was not exhausted prior to the filing of this lawsuit as the appeal response is dated July 11, 2016, more than a month after this lawsuit was filed. Doc. No. 46-1 at 23.

14

Humphrey also grieved Wilkins' actions a few months before her alleged retaliatory actions in April 2016, but the grievances filed by Humphrey in April 2016 concerning retaliation were all found without merit. *Id.* at 19-21. As discussed in connection with Humphrey's claim against Martin, his allegation that they received no recreation time on April 4, 2016, was found without merit because the inmates were offered gym call instead of yard call. *Id.* at 19. Likewise, Humphrey's April 13, 2016 grievance was found without merit because gym call was offered instead of yard call. *Id.* at 21. Finally, Humphrey's allegation that Wilkins and Cockrell did not allow him to go to the library on April 8, 2016, in retaliation for past grievances was determined to have no merit because Humphrey did not provide any substantiating evidence that this occurred in retaliation for past grievances. *Id.* at 20. In all of these instances, Humphrey fails to provide any affirmative evidence that Wilkins acted with a retaliatory motive. Accordingly, Wilkins is entitled to judgment as a matter of law, and Humphrey's claim against Wilkins should be dismissed with prejudice.

## V. Conclusion

Defendants are entitled to judgment as a matter of law on Humphrey's retaliation claims because he has not provided any evidence of a retaliatory motive on their part. Rather, he relies on his own speculation that whatever action a defendant took was in retaliation for grievances he filed. The most Humphrey can show is that he had grieved the actions of some of the defendants before accusing them of retaliation. Again, temporal proximity alone is insufficient to show retaliatory motive. *See Flowers*, 558 F.3d at 800.

15

Further, in most instances where Humphrey alleged retaliation, the action he complained of was found to be warranted for other reasons (*e.g.*, gym call offered instead of yard call). Finally, Humphrey has not shown that any of defendants' actions deterred him from filing grievances as he continued to file grievances up until the time he filed this lawsuit. Accordingly, he does not show that defendants took any adverse action that chilled his use of the grievance process.

For these reasons, defendants' Motion for Summary Judgment (Doc. No. 46) should be granted. Humphrey's claims against White and Hepler should be dismissed without prejudice. Humphrey's claims against the remaining defendants should be dismissed with prejudice. The Court should certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action would be considered frivolous and not in good faith.

DATED this 15th day of February, 2018.

_____
UNITED STATES MAGISTRATE JUDGE